

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,756

### EX PARTE MARCUS ANTOINE HERVEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 28,153-CR IN THE 13TH DISTRICT COURT
### FROM NAVARRO COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of aggravated robbery. A jury sentenced him to sixty years' imprisonment. The Tenth Court of Appeals upheld his conviction. *Hervey v. State*, No. 10-02-00148-CR (Tex. App.–Waco, February 11, 2004).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to request jury charge instructions on extraneous offense testimony and parole, and telling the jury

panel that he would not be able to consider probation in an offense such as this one, when he was requesting the jury to give Applicant community supervision for the offense.

The trial court has determined that trial counsel was ineffective in that counsel and that such ineffective representation prejudiced Applicant. We agree. Relief is granted. The sentence in Cause No. 28,153-CR in the 13th Judicial District Court of Navarro County is set aside, and Applicant is remanded to the custody of the Sheriff of Navarro County for a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 28, 2012
Do Not Publish